MAXWELL GRAVEL COMPANY *v*. FISHER ET AL.

[No. 12,417. Filed April 28, 1926. Rehearing denied November 16, 1926. Transfer denied December 17, 1930.]

*Samuel K. Ruick* and *Shirts & Fertig,* for appellant.
*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellees.

ENLOE, P. J.—This action was begun in the superior court of Marion County, and, by change of venue, taken to Hamilton County, where a trial by jury resulted in a verdict against appellant, upon which judgment was duly rendered. The errors assigned are: Overruling demurrer to complaint, and overruling motion for a new trial.

The complaint was in one paragraph, and appellee Fisher, as the owner of the property claimed to have been injured, and Automobile Insurance Company of ██ Hartford, Connecticut, as the insurance carrier, were the plaintiffs. It was averred in said complaint, among other things, that, on the morning of October 27, 1922, said Fisher was driving an automobile truck, loaded with hogs, and was coming south on what is known as the "Range Line Road," a paved public highway; that Fisher was the owner of said truck and that said insurance company was the carrier of a policy of insurance thereon against loss or damage caused by collision; that, about 4:30 a. m. of said morning, said truck came into collision with a truck then and there owned by the appellant, and being then and there driven

by one of its servants; that, on said morning and at the time of said collision, it was dark and foggy, thereby rendering it difficult to see objects on said roadway; that the said truck of appellant was then and there being driven upon and over said highway without any headlights on the front end thereof as required by law; that the said truck was being driven north and said appellee was driving south; that the driver of said truck, owned by appellant, did not give any signal or warning by horn, bell, or other device, of his presence upon said highway, and thereby warn other persons traveling upon said highway; and that, by reason of said acts of negligence of the driver of said truck so owned by appellant, and without fault or negligence on the part of said Fisher, said trucks came into collision, whereby the said truck of said Fisher was damaged. The complaint alleged, as to Fisher, not only general, but special, damages; it also alleged the various items, cost of repairs on said truck— expense which said insurance company, as the insurance carrier under its policy of insurance, was compelled to pay up to a fixed amount. There was no error in overruling the demurrer to this complaint. The allegation that the said truck of appellant was then and there being driven upon a public highway, in the nighttime—the hour of day being specifically alleged—without any headlight thereon, and that by reason thereof, and without fault or negligence on the part of Fisher, said collision was caused, made the complaint good as against the demurrer. Also, while there is no statute in this state which requires that a person who happens to be driving an automobile upon the public highway in the nighttime, said truck not being equipped with headlights as required by statute, shall give warning by "bell, horn, or other device," of his presence upon such public highway, yet, the rule of the common law, "*Sic utere tuo ut alienum non laedas,*" required that a person so circum-

stanced should exercise reasonable care not to injure or cause injury to another by reason of his being in such situation, and the aforesaid allegations, as to surroundings and conduct of appellant's said servant, were sufficient to present to the jury the question of said servant's negligence under the rules of the common law.

The appellant next urges that the court erred in overruling its motion for a new trial, and, under this assignment, it first presents that the verdict in favor of said insurance company is not supported by any evidence. Appellant tacitly concedes that said verdict, as to the appellee Fisher, is supported by the evidence; and, this being true, it would be strange if the law should declare that because of a lack of evidence to sustain a verdict as to one party—the said parties plaintiff not seeking to enforce a common right, but the right of each to a verdict resting upon entirely different grounds—the defendant in such case would be entitled to a new trial upon the entire case. Such is not our conception of the law, and we hold that, in such case, the motion for a new trial should be directed as to the issues made by the pleadings of the party whose verdict is not sustained by sufficient evidence. In this case, no such motion was made, but appellant sought a retrial of the entire case as to both of the appellees, and no suggestion was made to the lower court, in any way, of the point now urged. There was no error in overruling said motion, as to the above reason therefor.

It is next urged that the new trial should have been granted because of error in the assessment of the amount of the recovery, the same being too large, as to the damages assessed to appellee Fisher. In this we cannot concur. It must be kept in mind that there were two parties plaintiff and that each was seeking a recovery upon a basis different from that of his co-plaintiff. Fisher was seeking a recovery upon the basis

of a damage to his said truck as caused by said collision, and the insurance company upon the basis of the damage which it had been compelled to pay on account of said collision, under the terms of its said policy. The measure of the damage as to each of said parties was different and their rights entirely distinct. We find no error in the assessment of the amount of damages.

Appellant also complains of certain instructions given, and of the refusal of the court to give a requested instruction. After considering all the instructions concerning which question is made, we hold that there was no error in the matter of which complaint is thus made.

Affirmed.