**ROBERTS, et, Plaintiffs-Appellees, v. GRABLE,
Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1823.   Decided December 30, 1944.

Matthews, Matthews & Altick, Dayton, for plaintiffs-appellees.

T. L. Barger, Dayton, for defendant-appellant.

NICHOLS, J., of the Seventh Appellate District sitting by designation in place of Barnes, P. J.

### OPINION

By HORNBECK, J.

Appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, affirming a finding and judgment of the Municipal Court of the City of Dayton, Ohio, in favor of the plaintiffs and against the defendant in the sum of $68.39 with costs.

The errors are assigned under eleven headings, but we shall, as have counsel for the plaintiffs, consider them generally.

The action was instituted by the filing of a Statement of Claim, to which a motion was filed by the defendant to require plaintiffs to elect which one would proceed to trial. This motion was overruled.

Defendant then moved to strike the first specification of negligence, which was overruled and then demurred to the statement of claim, reasserting both propositions urged by the motions in somewhat different form. The demurrer was overruled.

The cause then came on to be heard to a judge without a jury. Defendant filed no statement of defense. This would, unless waived by common consent, have placed the defendant in default for pleading, which would have permitted the trial judge to have resolved against the defendant every material allegation of the statement of claim, and to have accepted such allegations as true.

However, the cause proceeded, testimony was taken, counsel for defendant closely examined plaintiff, Roberts, and the proof parallels the allegations of the statement of claim.

The facts developed that plaintiff, Roberts, was on February 22, 1942, driving his De Sota Sedan southwardly on Main Street in the City of Dayton between First and Second Streets; traffic was heavy and as Roberts, who was fourth in line, approached the intersection of Second and Main Streets, the red light was given at the intersection, and he and the automobiles in front of him came to a stop. At or about the time he had completely brought his car to a stop, he was run into from the rear by the defendant, causing property

damage to his automobile for which he sued and which is represented by the judgment in the Municipal Court. The statement of claim asserts that plaintiff, Roberts, was insured with the plaintiff, Insurance Company, and that by reason thereof, and because of the property damage occurring in the collision, said company paid Roberts the sum of $55.14.

The specifications of negligence were: Violation by defendant of the "assured clear distance ahead" provision of §6307-21 GC, and in neglecting and failing to keep a proper lookout ahead.

We have been favored by the written opinion of Judge Wolfe on the original submission of the cause, and we could well be content to accept the conclusions there reached and the reasons therefor. We will, however, briefly, without any attempt to cite many authorities, discuss the errors assigned. It is claimed that the demurrer of the defendant should have been sustained, because of the misjoinder of parties and the misjoinder of causes of action; this upon the theory that parties would not have a right to maintain a joint action; that subrogation of the Insurance Company to the rights of Roberts did not take place as a matter of law.

Under the facts pleaded and proven, the Insurance Company paid Roberts under its obligation on the policy which he held with it. The amount paid did not represent the total damage claimed by Roberts. Clearly the payment to Roberts under the policy, subrogated the company to his right pro tanto, and their interests can be joined.

**Globe Insurance Co. v Sherlock, 25 Oh St 68. Lake Erie and Western Railroad Co. v Falk and The Phoenix Insurance Co., 62 Oh St 297.**

It is alleged that the motion to strike and the demurrer should have been sustained as to the first specification of negligence because in alleging that the "assured clear distance ahead" provision of §6307-21 GC had been violated, plaintiffs failed to allege further the rate of speed at which the defendant was driving at the time of the collision. The defendant relies on that part of the section following the designation of rates of speed which are prima facie lawful, as follows:

"It shall be prima facie unlawful for any person to exceed any of the speed limitations in this or in other sections of this act. **In every charge of violation of this section the affidavit and warrant shall specify the time, place and speed at which the defendant is alleged to have driven, also, the speed, if any, which this section declares shall be prima**

facie lawful at the time and place of such alleged violation." (Emphasis ours.)

There is considerable support for the claim of the appellant on this assignment of error. However, if the motion should have been sustained, it does not appear that the defendant was prejudiced thereby because we do not have in the judgment entry any finding of fact which enables us to determine conclusively that the judgment was predicated/ upon the first specification of negligence. It may be based upon the second.

The demurrer was properly overruled because there were two specifications of negligence, the second of which was properly pleaded.

It is claimed that the plaintiff, Roberts, violated several of the traffic regulations of the General Code, particularly §§6307-21, 6307-34(a), 6307-38(a), and 6307-39.

Without discussing these sections in detail and at length, it must be observed that, in the first instance, we have no finding of fact by the trial judge, but if it be assumed that plaintiff, Roberts, violated one or more of these sections and such violation was negligence, there is left the questions of whether or not such negligence was proximate cause of the collision between Roberts and the defendant as a matter of law. We may not so hold. It was a factual question to be resolved, which, upon the general finding, we must assume was determined against the defendant.

See the recent case of **Glasco v Mendelman, 143 Oh St 649.**

We find no prejudicial error in any of the particulars assigned.

Judgment will be affirmed and the cause remanded.

GEIGER, J., and NICHOLS, J., concur.