## 50624. LINDSEY v. SAMOLUK.

MARSHALL, Judge.

The question presented by this appeal is whether the subrogation agreement signed by appellee, Samoluk, divested him of *all* interest in the property loss suffered in a collision with appellant Lindsey's car or if he retained an interest in such claim to the extent his claim was in

excess of the amount paid to him by his insurer.

The record indicates that on June 12, 1973, Samoluk, the owner and driver of a Porsche automobile was involved in a collision with a Toyota automobile owned and operated by Lindsey in the city limits of Atlanta, Georgia. As a result of the accident, Samoluk claimed damages for personal injuries, loss of wages and medical expenses as well as damages to his Porsche automobile, loss of use of the automobile while it was in the auto repair shop, and cost of a rental auto.

After negotiating unsuccessfully with Lindsey and Lindsey's insurer, Allstate Insurance Company, for payment of damages and injuries, Samoluk filed a claim against his own insurer, Maryland Casualty Company, for the amount of the repairs to his Porsche, *only,* in order to obtain the release of his automobile from the repair shop. The repair bill amounted to $2,040.29. Maryland Casualty paid Samoluk that sum less $100 deductible, or $1,940.29. In exchange for its payment of $1,940.29 to its insured, Samoluk, the Maryland Casualty Company exacted from Samoluk a subrogation agreement, which provided in pertinent part: "In consideration of and *to the extent of payment of Nineteen Hundred Forty Dollars and 26,100 (sic) $1,940.29) . . .,* the undersigned hereby subrogates said insurance company to all rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above . . ." (Emphasis supplied.)

Samoluk brought suit alone against Lindsey seeking damages for his personal injury, loss of wages, medical expenses and, as to his property damage, only $500 for depreciation and $1,878.02 for car rental. Samoluk was not compensated by his insurance carrier for any of these items of damage.

On the basis of the above facts, appellant Lindsey moved for a partial summary judgment, alleging that under the authority of *Parker Plumbing &c. Co. v. Kurtz,* 225 Ga. 31 (165 SE2d 729), Samoluk had no standing to assert *any* claim for property damages, having assigned all claims for property damages prior to the institution of the complaint to his insurer. He requested therefore that Samoluk's asserted property damage, and claims

derivative therefrom, (i.e., depreciation of automobile as a result of the collision, and loss of use of automobile and rental car expense) be stricken from the appellee's cause of action, Appellee, Samoluk, conceded he was not entitled to the cash settlement for the repairs to his Porsche automobile but maintains the subrogation agreement did not assign all rights to property loss suffered in the collision to his insurer but only the amount for repairs. From a denial of his motion, Lindsey appeals. *Held:*

Lindsey cites *Parker Plumbing &c. Co. v. Kurtz,* supra; *Browder v. Cox,* 83 Ga. App. 738, 742 (64 SE2d 460); and *Hoxie v. Americus Auto. Co.,* 73 Ga. App. 686 (37 SE2d 808), as authority for his position that Samoluk may not assign part of his right of action for property damage and retain part of that same right of action in his own behalf. It is his contention that the subrogation agreement assigned *all* claims Samoluk may have relating to property damage to his automobile.

An examination of the cases cited by appellant, Lindsey, reflects each of those cases involved suits brought by a plaintiff for the full amount covered by the insurance policy and subrogation agreement. The terms of the subrogation agreement in this case state in clear terms that Maryland Casualty Company was subrogated to the rights of its insured "in consideration of and to the extent of payment of Nineteen Hundred Forty Dollars and 26/100."

The courts of this state apparently have never passed upon this particular issue. However, 15 Blashfield, Automobile Law and Practice, (1969), § 483.1, pp. 160, 161, states as a general principle, that where an insurer makes payment for only part of, rather than all of its insured's loss, the insurer is subrogated pro tanto to the right of its insured and the insured retains that part of the claim in excess of the insurer's payment. Each owner of a part of the claim has a cause of action and may sue by joining the other part owner. Thus there may be a valid assignment of part of one cause of action or claim. Sisson v. Hassett, 155 Misc. 667, 280 NYS 148. Samoluk seeks in part a recovery for damages *incident* to the actual damage to his automobile. His insurer, Maryland Casualty

Company, has been subrogated to the extent it was required to pay its insured for actual damages as a result of the collision involved. The measure of damages as to each is different and their rights distinct. Maxwell Gravel Co. v. Fisher, 92 Ind. App. 39 (151 NE 618). See also: Roberts v. Grable, 76 Ohio App. 253 (63 NE2d 172).

In a similar case arising in Alabama, an insurance company became obligated to pay to its insured the sum of $200 under the terms of its policy. Its insured suffered more extensive damages. In holding that the insurer was subrogated only to the extent of the $200 paid to its insured, the court said: "This release was in consideration of the sum of $200, and further stipulated that the insurance company was subrogated to the amount of such payment to the right of recovery of the plaintiff for such loss or expense against the persons who caused or contributed to said loss. The rights of subrogation therefore, as set forth in said release, are limited to the amount of payment of $200. Said release is here construed as merely subrogating the insurance company for recovery of the limited sum so expended by it, and not as a transfer of the plaintiff's right of action for the damages suffered." Wyker v. Texas Co., 201 Ala. 585 (79 S 7). See also: Alabama Farm Bureau Mut. Cas. Ins. Co. v. Anderson, 48 Ala. App. 172 (263 S2d 149).

The reasoning and logic of the above authorities is persuasive and sufficient for disposition of this case. We are satisfied that appellee Samoluk retained a cause of action for his own damages, separate and distinct from that assigned to his insurer by the subrogation agreement. It necessarily follows that the court below did not err when it denied appellant Lindsey's motion for summary judgment as to all claims Samoluk made in this case for property damage to his automobile.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 6, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 29, 1975 — ▮

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Edward C. Stone, George H. Connell,* for

appellant.

*Lipshutz, Macey, Zusmann & Sikes, Winston H. Morriss,* for appellee.