## 30601. LINDSEY v. SAMOLUK.

NICHOLS, Chief Justice.

Certiorari was granted in this case to review the apparent conflict in the holding of the Court of Appeals in this case (*Lindsey v. Samoluk,* 135 Ga. App. 852 (219 SE2d 464) (1975)) and the decision of this court in *Parker Plumbing &c. Co. v. Kurtz,* 225 Ga. 31 (165 SE2d 729) (1969).

The subrogation agreement in this case reads in part as follows: "In consideration of and to the extent of payment of Nineteen hundred forty dollars and 26/100 (sic) Dollars ($1,940.29) by Maryland Casualty in accordance with the terms of Insurance policy number TF-002571206, said payment resulting from and associated with application of said policy of insurance to loss or damage occurring on or about 6-12-73, the undersigned hereby subrogates said Insurance Company *to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above,* and authorizes the said Insurance Company to sue, compromise or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse

checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them." (Emphasis supplied.)

The subrogation agreement dealt with in *Parker Plumbing &c. Co. v. Kurtz,* supra, as reported in the opinion in the Court of Appeals in that case (118 Ga. App. 130, 131 (162 SE2d 755)) reads in part as follows: " 'In consideration of and to the extent of said payment the undersigned hereby subrogates said insurance company, *to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above,* and authorizes the said insurance company to sue, compromise or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them . . . ' "

The Court of Appeals erred in not applying the decision of this court in *Parker Plumbing &c. Co. v. Kurtz,* supra, to the facts in the present case and erred in affirming the judgment of the trial court denying the defendant's motion for a partial summary judgment.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

ARGUED JANUARY 19, 1976 — DECIDED FEBRUARY 2, 1976.

*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr., John E. Talmadge, Palmer H. Ansley,* for appellant.

*Lipshutz, Zusmann & Sikes, Winston H. Morris,* for appellee.

HILL, Justice, dissenting.

I would adopt the opinion of the Court of Appeals (135 Ga. App. 852) and affirm, for the following reasons: Mr. Samoluk purchased an automobile and purchased insurance thereon from Maryland Casualty Company. Mr. Samoluk and his automobile were injured and

damaged as the result of a collision with an automobile owned and operated by Lindsey and insured by Allstate Insurance Company. Mr. Samoluk received from his insurance company the amount of his repair bill, less $100 deductible, in exchange for which he signed the agreement here in issue. Mr. Samoluk was entitled to receive that payment from his insurance company because he had paid his insurance premiums.

However, Mr. Samoluk had not been compensated by his insurance company for all the damages to his automobile, so he sued Lindsey for the loss of use of his automobile and the cost of a rental replacement, as well·as his personal injuries, loss of wages and medical expenses.

The majority opinion holds that Mr. Samoluk cannot recover his unreimbursed property damage from Lindsey and his insurer, because Samoluk accepted money due him from his insurance company and signed an agreement which his insurance company required. No good reason occurs to me as to why Lindsey and his insurance company should benefit from the payment and agreement between Samoluk and his insurance company.

In my opinion the judgment and opinion of the Court of Appeals was correct.