## 58233. SAWYER v. ALLISON et al.

Birdsong, Judge.

Allison, appellee herein, sued Sawyer, appellant herein, for improper repairs made by Sawyer to Allison's automobile. Sawyer filed a motion for summary judgment accompanied by an affidavit which contended that Allison was not a proper person to have an automobile repaired at appellant's business, the appellee Allison not being a member of the military; that intervenor-appellee George Windham, who was a member of the military forces, represented to appellant that the automobile which was repaired was in fact his, George Windham's.

At the hearing on the motion for summary judgment, Windham filed a motion to intervene as plaintiff. The motion was granted instanter.

Certain facts are not in dispute. Plaintiff-appellee was the title owner of a certain Mercedes automobile, but his friend George Windham had possession of it. Appellant Cornelius Sawyer was under contract as manager and operator of the Fort McPherson Post Garage when George Windham, a retired military personnel, brought the Mercedes into the garage for repairs. Sawyer, believing Windham owned the car, and not having been disabused of this notion by Windham, agreed to fix the car. He and his helpers placed a twelve-year old Mercedes 200 engine in the car, which normally would require a Mercedes 280 engine. The car subsequently displayed a variety of ills and plaintiff claims it has not operated properly since it was repaired by defendant and his agents. The remainder of the facts in the case are in controversy.

In his complaint, plaintiff alleges that defendant Sawyer fraudulently advised him the 200 engine was a suitable engine for the car. Plaintiff alleges that when the vehicle was taken by Windham for repairs, its trouble was a "thrown rod", and that later, after the repair, he demanded that the vehicle be returned to the condition it was in when Sawyer first saw it, and that the original motor be reinstalled. Sawyer, however, by affidavit on summary judgment states that when he first saw the car, it had no motor or transmission in it; that the original

engine had blown up, and the motor and transmission were in bits and pieces in the car's trunk; that Windham told Sawyer he could not afford the 280 engine; and that after Sawyer painstakingly explained that the cheaper 200 engine was not made for that model car and would not have the same power, Windham urged Sawyer to go ahead and install the 200 engine.

Sawyer claims as error the trial court's denial of summary judgment, the granting of Windham's motion to intervene which was filed and granted without notice on the day of the summary judgment motion hearing. *Held:*

1. Appellant urges, in chief, that he never dealt with appellee, and had no contract or agreement with appellee, the owner of the car, and consequently, that appellee had not the necessary privity with defendant to maintain the suit for damages. Moreover, he says that if he had known plaintiff owned the car and not Windham, he would not have agreed to repair it, since his contract at Fort McPherson forbade him to work on any cars but those belonging to military personnel. Construing the pleadings and evidence most strongly against appellant on summary judgment (*Giant Peanut Co. v. Carolina Chemicals,* 129 Ga. App. 718, 719-20 (200 SE2d 918)), the appellees' complaint is an action in tort, for which privity with the appellant is not required. See Code Ann. § 105-106. The arrangement whereby Windham had possession of plaintiff's car was a bailment (see *Lockhart v. Western &c. Railroad,* 73 Ga. 472, 473-74), and as bailor, the appellee would have a right of action against appellant for damage to the property. Code Ann. § 12-201; see also Code §§ 105-1704, 105-1705. If appellee is a third party not involved in the transactions between Sawyer and Windham, he still may recover against Sawyer, since appellee is directly injured by the alleged fraud. 37 CJS 344, Fraud, § 60 (b); he holds title to the property and is the real party in interest. Code § 3-109. *Delgado Mills v. Georgia R. &c. Co.,* 144 Ga. 175 (86 SE 550). Irrelevant to this determination is the point that so offends the appellant, that he was misled as to the ownership of the car; nor shall we consider whether the allegations in appellees' complaint are sufficient to state a cause of

action for fraud, since appellant does not complain of it, and the defect, if there is any, is amendable. *Diversfied Holding Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455 (170 SE2d 863); *City Dodge v. Atkins,* 118 Ga. App. 676, 677 (164 SE2d 864). We do not think the trial court erred in denying summary judgment to appellant Sawyer.

2. George Windham's motion to intervene was filed, and granted, the same day appellant's motion for summary judgment was heard. No notice was given to appellant or plaintiff, nor was the motion made "upon timely application," as required by Code Ann. § 81A-124. The grant was error.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Smith, J., concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 13, 1979.

*Saul Blau,* for appellant.
*Lenwood A. Jackson,* for appellees.