## 35783. MAXEY v. HOSPITAL AUTHORITY OF GWINNETT COUNTY.

PER CURIAM.

Julia Maxey, a pedestrian, was struck by a car driven by William Todd Butler, and suffered multiple injuries resulting in the amputation of her left leg. She sued Butler, but later settled with him and signed a release. Then, she sued the hospital and Dr. Kamal Kumar Rattan for malpractice, which she claims resulted in the loss of her leg. Relying on the release in the Butler suit, the doctor and hospital sought summary judgment, which was denied by the trial court, but reversed on interlocutory appeal by the Court of Appeals. *Hospital Authority of Gwinnett County v. Maxey,* 151 Ga. App. 777 (261 SE2d 716) (1979). The Court of Appeals held that Maxey could not pursue both parties on contradictory

theories, citing *Gilmore v. Fulton-DeKalb Hospital Authority,* 132 Ga. App. 879 (209 SE2d. 676) (1974). We granted certiorari to reconcile *Gilmore,* supra, and our case of *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915) (1971).

In *Gilmore,* supra, upon which the Court of Appeals relies, the suit against the first tortfeasor was a wrongful death action for which the plaintiff recovered, at a jury trial, the full value of the deceased's life. The second suit against the hospital authority was, thereafter, barred under the policy against double recoveries.[1] This principle is not controlling here.

The first tortfeasor, the driver of the car, is responsible for all the injuries, including any aggravation by malpractice, if any; but the second tortfeasors, the doctor and hospital, are only liable for their aggravation of the original injuries. Thus, the two suits, one against the original and one against the aggravating tortfeasor, are not necessarily contradictory or mutually exclusive, as held by the Court of Appeals. *Rowland v. Vickers,* 233 Ga. 67 (209 SE2d 592) (1974). The suits, in themselves, therefore, do not amount to a double recovery for the same damage as in *Gilmore,* supra, and are not repugnant to Code Ann. § 3-114.[2] The intention of the parties at the time of the release of the original tortfeasor thus becomes important.

In *Knight v. Lowery,*[3] supra, this court addressed the question of release in the situation where, as in the case before us, the defendants in the two suits are not joint tortfeasors, and a double recovery is not inherent in the

---

[1]We express no opinion as to the correctness of *Helton v. Little-Davenport Funeral Home Ambulance,* 146 Ga. App. 327 (246 SE2d 383) (1978). Compare *Rowland v. Vickers,* supra.

[2]Code Ann. § 3-114 provides: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them."

[3]Insofar as *Knight,* supra, intimates that "concert of action" is necessary to be a joint tortfeasor, it was

cause of action, as in *Gilmore,* supra. There, this court adopted what was then the minority view, albeit a trend among state courts, that a release of one tortfeasor was not effective as a release of another tortfeasor, who was not a joint tortfeasor, unless such a release of both was intended.

In *Knight,* although the release was against "all other persons," the court held that parol evidence was admissible to discern whether the intent of the parties to the release was also to release any claims against the doctor. The rationale was that since the doctor was *not bound* by the strict terms of a contract to which he was not a party, he could *not rely* on the strict terms of a contract to which he was not a party; parol evidence was admissible to explain the terms of the release. Compare, *Sims v. Bryan,* 140 Ga. App. 69 (230 SE2d 39) (1976); *Grizzard v. Davis,* 131 Ga. App. 577 (206 SE2d 853) (1974). We today overrule *Knight v. Lowery,* supra, insofar as it holds that parol evidence is admissible to explain a release "against all the world." The release here of "all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 7th day of January, 1977, . . ." is clear and unambiguous. With the overruling of *Knight v. Lowery,* supra, parol evidence is not admissible to vary the terms of the release.

The Court of Appeals was correct in reversing the denial of summary judgment by the trial court for the reasons given above.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

ARGUED FEBRUARY 11, 1980 — DECIDED FEBRUARY 27, 1980 — REHEARING DENIED MARCH 18, 1980.

---

overruled in *Mitchell v. Gilson,* 233 Ga. 453 (211 SE2d 744) (1975).

*Sherman C. Fraser,* for appellant.
*Walter B. McClelland, W. Howard Fowler,* for appellee.