## 61964. PHYSICIANS & SURGEONS COMMUNITY HOSPITAL, INC. v. WILLIAMS.

SOGNIER, Judge.

Appellee Sara Frances Williams suffered injuries to her left foot and leg in an automobile accident which occurred on August 2, 1976; Mrs. Williams and her husband sued Erline B. Anthony, the driver of the other vehicle. On October 12, 1977, while that action was pending, appellee was treated at appellant Physicians & Surgeons Community Hospital, Inc. for the injuries to her foot.

On February 17, 1978, appellee and her husband settled and dismissed their suit against Mrs. Anthony for the consideration of $8,000 and executed a general release of Mrs. Anthony and "all other persons, firms or corporations, who are or might be liable in any way, from all present or future claim(s), demand(s), action(s), or cause(s)

of action, of any kind or character, and all liability now accrued or hereafter to accrue, which I/we have or might have against him, it, or them, on account of, or because of, all damages, claims, causes of action, demands and/or losses or injuries to person or property, or both, whether known or unknown, developed or undeveloped, resulting, or to result, or sustained or received by me/us or my/our property on or about the 2nd day of August, 1976 . . ."

On October 10, 1979 appellee filed this suit against appellant claiming that on or about October 12, 1977, as a result of appellant's negligent treatment of the injuries to her left foot, it became infected and she suffered damages thereby.

After answer and discovery, appellant moved for summary judgment based upon the general release executed by appellee. The trial court denied the hospital's motion. Appellant's application for interlocutory appeal was granted by this court.

Appellant contends that the trial court erred in denying its motion for summary judgment and that the case is controlled by *Maxey v. Hospital Authority,* 245 Ga. 480 (265 SE2d 779) (1980) where a release similar to the release here was held to be "clear and unambiguous" as a release "against all the world." We agree.

The terms of the release executed by appellee are general in nature and similar to those contained in the release in *Maxey.* Parol evidence was held to be inadmissible to vary the terms of the written release so that the doctor treating the plaintiff for the initial injury was held to be released under its general terms.

Appellee contends that *Maxey* is distinguishable because the injury resulting from excess scar tissue alleged to be due to the hospital's negligence is a new and distinct injury from the injury caused by the collision. Appellee contends the segregation of the injuries is a jury question precluding summary judgment. We do not view this case as distinguishable from *Maxey* where it is undisputed that the alleged subsequent injury resulted from treatment of the initial injury and was in aggravation of the first injury. "[T]he two suits, one against the original and one against the aggravating tortfeasor, are not necessarily contradictory or mutually exclusive . . . The intention of the parties at the time of the release of the original tortfeasor thus becomes important." *Maxey,* supra, p. 481. Since, as stated in *Maxey,* parol evidence is not admissible to vary the terms of the release and it is general in nature, we can look no further for the intention of the parties. The release here inures to the benefit of appellant. We reverse and grant summary judgment to appellant.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 18, 1981 —

*David M. Brown, William W. Gardner,* for appellant.
*Jerry B. Hatcher, Stephen T. Kennedy,* for appellee.