38895. DeKALB COUNTY HOSPITAL AUTHORITY et al. v. DAVIS.

MARSHALL, Justice.

The plaintiff Davis was injured in an automobile accident, and as a result thereof she suffered a broken hip. While being treated for injuries at defendant DeKalb General Hospital, Davis re-injured her hip after a fall. Davis subsequently accepted a settlement from the driver of the automobile causing the accident, and she executed a general release. She later brought suit against the hospital for the re-injury to her hip, alleging that this was caused by the negligence of a hospital aide. Citing *Maxey v. Hosp. Auth.,* 245 Ga. 480 (265 SE2d 779) (1980), the trial court granted the hospital's motion for summary judgment because of the release.

On appeal, the Court of Appeals reversed. The Court of Appeals found the decision in this case to hinge on whether the proximate cause of the injuries for which the plaintiff is seeking recovery was the negligence of the original tortfeasor. As stated by the Court of Appeals, whether the negligence of the original tortfeasor is the proximate cause of a subsequent injury is determined by asking whether the subsequent injury was a reasonably foreseeable consequence of the original tortious act. However, the Court of Appeals went on to reject any notion that the negligence alleged against the hospital was a foreseeable incident arising from the

automobile accident. In any event, the Court of Appeals held that in this case there is a litigable issue of fact on the proximate-cause question. We granted certiorari.

1. The proximate-cause issue would be dispositive if the plaintiff herein were seeking a recovery against the original tortfeasor for the re-injury to her hip. However, in this case against the alleged successive tortfeasor, no proximate-cause issue has been raised by the parties; rather, the defendant has raised issues concerning whether it was negligent and whether the release executed in favor of the original tortfeasor inures to its benefit.

2. The question here is whether the hospital is absolved from liability under a release executed in favor of the original tortfeasor and releasing "all other persons . . . of any and all claims . . . arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries . . . and the consequences thereof."

Based on this release, the trial court was correct in granting the defendant's motion for summary judgment under *Maxey.* However, under our recent overruling of *Maxey* in *Williams v. Physicians &c. Community Hosp.,* 249 Ga. 588 (292 SE2d 705) (1982), the trial court's grant of summary judgment to the defendant must be reversed and the case remanded for reconsideration in accordance with *Williams.*

The judgment of the Court of Appeals is affirmed for the reasons given herein.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1982.

*Hunter S. Allen, Jr., Lorraine D. Hess,* for appellants.
*Taylor W. Jones, C. Cyrus Malone III,* for appellee.