## 65167. BURRY v. DeKALB COUNTY et al.

BIRDSONG, Judge.

Rezoning. Chamblee-Dunwoody Hotel Partnership is the owner of 8.3 acres of land adjacent to the intersection of Chamblee-Dunwoody Road and I-285. Over the past twelve years, this tract of land has been zoned as residential property. During that period of time, seven different applications have been presented to the DeKalb County Commission seeking to rezone the acreage as 'O-1 or commercial. The last such attempt was by the present owners in 1979. The Commission rezoned the property to residential-condominium but not to O-1. The partnership brought suit complaining that the failure to zone the property for business use was an unconstitutional limitation on the property owner's reasonable rights to use its property as it saw fit. Our Supreme Court rejected this contention and held that the zoning as residential-condominium was not an unconstitutional zoning of the property. *DeKalb County v. Chamblee Dunwoody Hotel Partnership,* 248 Ga. 186 (281 SE2d 525). The particular tract under consideration is under contract for sale to The Bentley Group, Ltd., a consortium of developers. That contract is contingent upon a successful rezoning of the property from residential to business.

In early 1982, on its own motion and on behalf of the Bentley Group, the DeKalb County Commission petitioned the Planning Commission to rezone the property from residential to O-I. After hearing, the DeKalb County Commission did rezone the property to O-1. David Burry is a homeowner who owns property immediately across Chamblee-Dunwoody Road from the property under litigation. He and an organization of homeowners who own homes in the general neighborhood of the rezoned tract (Gainesborough 500 Civic Association, Inc.) brought the present suit against the DeKalb County Commission, each commissioner individually, the county and others directly involved in zoning decisions in the county, the Bentley Group, and ultimately upon a motion to intervene, against

the Hotel Group. Each of the defendants filed an answer, but because of the large amount of money involved and the uncertainty of execution of that contract caused by the contingency of successfully changing the zoning to O-I, defendants moved for an expedited hearing.

Prior to the expedited hearing, each defendant moved the trial court to dismiss Burry's and the Gainesborough complaint upon the ground that neither possessed requisite standing to contest the zoning order of DeKalb County. The trial court granted an expedited hearing holding the same less than 30 days from the filing of the answers and motions to dismiss by the defendants. At that hearing the trial court allowed evidence as to standing both by Burry, the Gainesborough group and the Bentley Group. The trial court ruled that neither Burry nor the Gainesborough group had requisite standing to contest the zoning ruling and, at the motion of all the defendants, dismissed the complaint. Burry alone brings this appeal raising as enumerations three alleged errors. *Held:*

1. In substance, Burry complains that he was deprived of sufficient time to present evidence on the issue of standing. Related to this complaint are arguments: that the trial court erred in granting an expedited hearing in contravention of local rules; violated the time restraints of the Civil Procedure Act; erroneously denied a motion for a continuance; curtailed the time available and thus denied Burry rights of discovery; and generally denied him a constitutional hearing.

The crux of the respective positions adopted by Burry and the county and property owners is that a motion to dismiss for lack of standing is either a motion in bar of judgment (Burry's position) or is a motion in abatement (the appellees' position). If it is a plea in bar then the taking of evidence converted the plea from a motion to dismiss to a motion for summary judgment and went to the merits of the case. *Newsrack Supply v. Heinle,* 127 Ga. App. 843 (195 SE2d 193). If it was a plea in abatement, then the taking of evidence was proper, the expedited hearing was in accordance with the requirements of the Civil Practice Act and within the powers of the trial court to grant. See *Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833, 834 (182 SE2d 693). The trial court concluded the standing issue was a matter in abatement.

In this determination we conclude the trial court erred. Excluding pleas going to the jurisdiction of the court over the person or matter in controversy (which dispute the power of the court to proceed), a plea in abatement focuses upon an error in pleadings or procedure which, over objection, precludes the erring party from proceeding until the error has been corrected. Such a complaint does

not go to the merits of the case and leaves the basic issue unresolved. *Chatham v. Royal-Globe Ins. Co.,* 135 Ga. App. 59, 61 (217 SE2d 308).

In this case, the county and property owners moved to dismiss Burry's complaint because he lacked standing. There is no challenge to the proposition that if Burry had standing as a matter of law, the trial court possessed the power to proceed and dispose of the question of zoning and impose that solution upon the parties to the litigation; i. e., the court could exercise lawfully jurisdiction over both the subject matter of the complaint and over the parties. Thus the only question presented is whether the party plaintiff (Burry) had standing to invoke the powers of the court; i. e., was a proper party plaintiff. That decision goes to the merits of his claim. A decision that Burry had no standing does not abate his action until a proper party plaintiff can be substituted. A finding of no standing resulted in a final disposition of his action and thus constituted a plea in bar. The motion to dismiss for lack of standing therefore when supported by evidence outside the pleadings became a summary judgment. *Capes v. Morgan,* 235 Ga. 1, 4 (218 SE2d 764).

"Plaintiffs were entitled to notice of conversion of a motion to dismiss into a motion for summary judgment and 30 days to respond to such motion." *Riverhill Community Assn. v. Cobb County Bd. of Commrs.,* 236 Ga. 856, 859 (6) (226 SE2d 54). The record here shows that not only is there no waiver of such notice, but Burry affirmatively objected to the expedited hearing because of lack of opportunity to utilize discovery, the denial of a continuance to obtain the necessary time and the failure to afford him the 30 days' notice required upon the conversion of a motion to dismiss into a summary judgment. Because Burry was entitled to notice that the motion was being treated as one for summary judgment, it was error to render judgment in favor of appellants dismissing Burry's complaint for lack of standing. *Williams v. Columbus, Ga.,* 151 Ga. App. 311 (259 SE2d 705). Parenthetically we note in regard to the question of standing, Burry was required to show a special interest in order to attack the zoning determination. *Tate v. Stephens,* 245 Ga. 519 (265 SE2d 811). This special interest required a showing that Burry's "special damages" was unique to him and his property and not those commonly shared by all homeowners in the vicinity of the rezoned property. *Victoria Corp. v. Atlanta Merchandise Mart,* 101 Ga. App. 163 (112 SE2d 793). Burry offered testimony that his home was uniquely situated (across the road); that he would suffer a $20,000 loss of value; and that this loss was considerably more than other homeowners would suffer who were more distantly located or had buffer zones separating the adjoining properties. While we do not rule that this necessarily creates a "special interest," we believe such

evidence creates sufficient question as to uniqueness to withstand a motion for summary judgment.

2. The ruling in Division 1 above renders moot the enumerations of error dealing with denial of a motion for continuance or denial of right to pursue discovery. However, as relates to the owner in fee of the rezoned property, we find no error in the grant of intervention to Chamblee-Dunwoody Hotel Partnership. See *State of Ga. v. Bruce,* 231 Ga. 783 (204 SE2d 106); *Sawyer v. Allison,* 151 Ga. App. 334 (259 SE2d 721).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 13, 1983 —
REHEARINGS DENIED JANUARY 28, 1983 — 

*Christopher J. Valianos, Kathryn M. Zickert,* for appellant.
*George P. Dillard, G. Douglas Dillard, Duard R. McDonald, Gail C. Flake, M. Kathleen Lewis,* for appellees.