## 66079. STACEY v. FLEET MULTI FUEL CORPORATION et al.

QUILLIAN, Presiding Judge.

Appellant's house was extensively damaged as the result of a gas explosion and fire in his garage. His insurer compensated him for a substantial portion of his loss. Appellant then commenced this action for damages alleging negligence, breach of warranty and strict liability against appellees who had modified his automobile to operate on compressed natural gas and installed equipment in his garage by which his automobile could be fueled with compressed natural gas. The trial court granted appellees summary judgment, from which this appeal is taken. *Held:*

The evidence showed that when compensated by his insurer, appellant signed a subrogation agreement with the insurer which stated: "It is agreed that the (insurer) is subrogated, to the extent of its payment, to all rights of recovery for such loss or damage against third parties alleged by the (insurer) to be liable therefore, with full authority in its own name or in the name of its insured to prosecute or compromise claims and actions in its uncontrolled discretion, without any obligation to account to its insured for any sum or sums recovered by the (insurer), except sums recovered in excess of said payment and in excess of all proper expenses of collection incurred by the (insurer)."

Having assigned his cause of action to his insurer by the subrogation agreement, appellant no longer had a cause of action arising from the explosion and fire, and the trial court did not err in granting appellees summary judgment. Appellant's argument that he had a cause of action because he had not been fully compensated for his loss was considered in *Lindsey v. Samoluk,* 135 Ga. App. 852 (219 SE2d 464), and rejected in *Lindsey v. Samoluk,* 236 Ga. 171 (223 SE2d 147).

Appellant contends that if summary judgment was granted because he was not the real party in interest, it was error because it did not allow him a reasonable time for substitution of the real party in interest in accordance with OCGA § 9-11-17 (a) (Code Ann. § 81A-117 (a)).

As we have determined that summary judgment was properly granted because appellant had no cause of action, there is no merit in this contention.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 19, 1983.

*Malcolm C. McArthur, Anthony J. McGinley,* for appellant.
*Merrell H. Collier,* for appellees.