68380. ENGLAND v. AIRPORT TRAILER SERVICE, INC.

BIRDSONG, Judge.

Release of Liability. Edward England was the owner of a tractor-trailer rig. On May 10, 1982, he drove the tractor to the work shop of Airport Trailer Service to have electrical repairs performed on the lighting system in the tractor. Upon completion of the work, England tested all the lights and found them to be in working order and accepted the tractor as having been repaired as ordered. After driving several miles from the repair site, England detected smoke coming from under his dash and ultimately an electrical fire effectively destroyed the cab of the tractor. On that same day, England notified his insurer, Lloyd's of London. The insurer investigated the loss and forwarded to England a check in full reimbursement for his loss, minus a deductible amount. England signed a subrogation agreement with his insurer agreeing to cooperate fully and assigning all his right to any claim against Airport Trailer Service, agreeing also to sue in his own name on behalf of Lloyd's.

After receiving his reimbursement from Lloyd's, England ascertained that Airport Trailer Service was insured by State Auto Insurance Company ("State Auto"). A friend of England's was the local agent of State Auto and England contacted the agent to see if anything could be done about his "down time." The agent stated to England that based upon the agent's simple request for coverage, the insurer would pay $2,000. England was informed that if he felt he was entitled to more he would have to go to court where he may or may not be successful. England replied that he just wanted some help and would accept the $2,000.

England went to the local agent's office and signed a release and

accepted the $2,000. There is evidence that England in a deposition admitted that nothing was said about the subrogation agreement or the settlement by Lloyd's because he never even thought about it. In fact England admitted that he did not discuss the earlier payment at all. The release signed by England in substance released and forever discharged Airport Trailer Service and its two repairmen who had worked on the tractor, from any and all claims, demands, rights and causes of action of whatever kind arising from the May 10 fire. This release was signed by England on June 7, 1982. The agent also affirmed that as of June 7 when he accepted the release and paid over the $2,000 he had no knowledge that England had received any payment from any other insurance company. State Auto did not become aware by actual notice of the earlier payment until it received a letter from Lloyd's on or about June 27, 1982 that a subrogation was involved.

England instituted this action against appellee for damage to the cab. Based upon the foregoing, England moved for partial summary judgment (as to liability) and Airport Trailer Service moved for summary judgment on the basis of the release. The trial court denied England's motion for partial summary judgment but granted that of Airport Trailer Service. England brings this appeal enumerating as error the rulings and order of the trial court. *Held*:

England argues there are issues of material fact in that Airport Trailer Service's insurer was aware that a deductible amount was involved (i.e., another insurer) and that the loss coverage sought related to loss of use of the tractor and not its destruction. On the other hand, there is clear evidence both by England and the agent that State Auto (Airport Trailer Service) was wholly unaware of any other insurance involved and that the $2,000 was a payment of a disputed claim. Though in an affidavit England states that he told his friend that he (England) was interested in covering his "deductible and down time," this is wholly inconsistent with his deposition testimony where no mention was made of payment of the loss claim or the involvement of other insurance and clearly no mention was ever made of "deductible." England is now bound by his version of the incident that is least favorable to his case inasmuch as his testimony is contradictory. *Chambers v. Citizens &c. Bank*, 242 Ga. 498, 502 (249 SE2d 214).

When the release signed by England is viewed closely, it is crystal clear that the release is complete and bars any further suit by Lloyd's through the aegis of England. *Lindsey v. Samoluk*, 236 Ga. 171, 172 (223 SE2d 147).

Though England seeks to modify the impact of the release by arguing the parol evidence that he intended only to seek reimbursement for loss of use and not property damage, the release itself relates

to property damage and all other loss arising therefrom. England may not seek to modify the clear and unambiguous terms of the release by parol. *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480, 482 (265 SE2d 779), overruled on other grounds, *Williams v. Physicians &c. Hosp.*, 249 Ga. 588, 592 (292 SE2d 705). Though *Maxey* was overruled insofar as it forbids the introduction of parol evidence in cases involving the release of an intervening or successive tortfeasor (i.e., the release of the original tortfeasor who caused the injury does not necessarily release a doctor who treated the injury for the doctor's medical malpractice unless the release is expressly addressed thereto), the general rule is still extant that parol evidence is not admissible to amend an agreement between the two parties to that agreement. See *Williams*, supra, p. 589. See also *Lee v. Garland*, 208 Ga. 251 (1) (66 SE2d 223).

England seeks to circumvent this rule by arguing that State Auto, the insured for Airport Trailer Service, was aware of the insurance coverage by Lloyd's and the limited nature of the recovery sought from State Auto. As indicated earlier in this opinion, we find no support for that argument. Thus the rule still applies that a general release by an insured to a third person responsible for the loss and without notice or knowledge of the insurance company's rights is a bar to the company's claim to subrogation. Any claim by the subrogee is against the subrogor. *Coleman v. State Farm Mut. Auto. Ins. Co.*, 104 Ga. App. 328 (121 SE2d 833). The record in this case does not disclose any artifice, fraud or trick which prevented England from reading the release he signed. No fiduciary relationship existed between the claims adjustor and England. Thus England is bound by his release. *McMullan v. Nichols*, 162 Ga. App. 865 (292 SE2d 568). We find no error in the denial of partial summary judgment to England nor in the grant of summary judgment to Airport Trailer Service.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 21, 1984.

*Troy R. Millikan*, for appellant.
*James E. Brim III*, for appellee.