42508. DOVER PLACE APARTMENTS v. A & M PLUMBING & HEATING COMPANY, INC. et al.

(335 SE2d 113)

WELTNER, Justice.

We received from the Court of Appeals the following certified

---

question: "Does a party plaintiff who in the course of litigation has been discovered to have assigned its cause of action pursuant to a subrogation clause in its policy of insurance to its insurer under the holdings in *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976), and *Parker Plumbing &c. Co. v. Kurtz*, 225 Ga. 31 (165 SE2d 729) (1969), have standing to move the trial court to substitute its insurer in the case as the real party in interest?"

1. Dover Place Apartments suffered a fire loss, and made claim under its policy of fire insurance, which was issued on a printed form bearing the names of Cavalier Insurance Corporation and Calvert Fire Insurance Company. The loss, less a deductible amount of $250, was paid promptly to Dover Place Apartments, and thereafter suit was initiated against A & M Plumbing Company in the name of Dover Place Apartments as plaintiff, seeking to recover the amount of the fire loss. The policy under which the loss was paid contained this provision: "In the event of any payment under this policy, the Company shall be subrogated to all the insured's right of recovery therefor against any person or organization."

The complaint filed in the name of Dover was then amended to seek to join Tuxedo Plumbing as an additional party defendant. After discovery, Dover moved the court for leave to amend the complaint by joining Cavalier Insurance Corporation. The trial court denied the motion on the ground that the statute of limitations had run. The Court of Appeals granted Dover's petition for interlocutory appeal, and, in *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732 (307 SE2d 530) (1983), reversed the trial court, holding that the amendment related back to the original occurrence and was allowable under Rule 15 (c) of the Civil Practice Act.

On remand, Dover sought by amended motion to substitute Cavalier as the real party in interest, as an alternative to adding Cavalier as a party. The trial court subsequently denied the motion to add or to substitute, holding that under the authority of *Stacey v. Fleet Multi Fuel Corp.*, 166 Ga. App. 684 (305 SE2d 424) (1983), Dover had no standing to assert either motion.

2. The holding in *Stacey*, supra, is inconsistent, in its restrictiveness, with *Franklyn Gesner Fine Paintings, Inc. v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984). There, observing once again that the Civil Practice Act should receive a liberal interpretation, we permitted a closely-held corporation (which was the real party in interest) to be substituted for an individual plaintiff. 252 Ga. at 539. Here, there is a similarly close connection between Dover and Cavalier, the latter having become subrogated to Dover's rights against third persons prior to the initiation of the suit.

3. We hold that a plaintiff, who has transferred his legal or beneficial interest in a cause of action to an insurer pursuant to a subroga-

tion clause, has standing to seek, in the trial court, the substitution of such an insurer as the real party in interest.

*Certified question answered in the affirmative. All the Justices concur.*

DECIDED OCTOBER 8, 1985.

*Savell, Williams, Cox & Angel, Edward L. Savell, William E. Turnipseed,* for appellant.

*Lane, O'Brien & Coburn, Eugene O' Brien, Stephen J. Caswell, Claude E. Hambrick,* for appellees.