*Russell, Staff Assistant Attorney General*, for appellee.

69789. DOVER PLACE APARTMENTS v. A & M PLUMBING &
HEATING COMPANY, INC. et al.
(338 SE2d 44)

Pope, Judge.

This is the second appearance of this case in this court. In the case of *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732 (307 SE2d 530) (1983), this court held that Dover had the right to amend its complaint after the statute of limitation had run to add a real-party-in-interest plaintiff. Upon remand to the trial court, A & M objected to Dover being allowed to amend its complaint to substitute the real party in interest. The trial court held that Dover had assigned all of its interest to its insurer and therefore had no standing to move to substitute its insurer as the real party in interest. The trial court relied upon the case of *Stacey v. Fleet Multi Fuel Corp.*, 166 Ga. App. 684 (305 SE2d 424) (1983). Finding a conflict between the cases of the Supreme Court upon which the holding in *Stacey* was founded and the holding set out in *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984), this court certified the following question to the Supreme Court: " 'Does a party plaintiff who in the course of litigation has been discovered to have assigned its cause of action pursuant to a subrogation clause in its policy of insurance to its insurer under the holdings in *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976), and *Parker Plumbing &c. Co. v. Kurtz*, 225 Ga. 31 (165 SE2d 729) (1969), have standing to move the trial court to substitute its insurer in the case as the real party in interest?' "

1. The Supreme Court has answered that question in the affirmative. *Dover Place Apts. v. A & M Plumbing &c. Co.*, 255 Ga. 27 (335 SE2d 113) (1985). Therefore, for the reasons set out by the Supreme Court in its opinion, we find that the trial court erred in denying Dover's motion to substitute the real party in interest.

2. In Division 2 of its answer to our certified question, the Supreme Court noted that the holding in *Stacey*, supra, is inconsistent with that of *Franklyn Gesner*, supra. After careful consideration of the Supreme Court's answer to our certified question, it is apparent that the holding in *Stacey* should no longer be followed. Therefore, based upon Divisions 2 and 3 of *Dover Place Apts. v. A & M Plumbing &c. Co.*, 255 Ga. 27, 28-29, supra, the holding in *Stacey v. Fleet Multi Fuel Corp.*, supra, is hereby overruled.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Benham and Beasley, JJ., concur.*

DECIDED NOVEMBER 12, 1985.

*Edward L. Savell, William E. Turnipseed*, for appellant.
*Eugene O'Brien, Claude E. Hambrick, Stephen J. Caswell*, for appellees.