71874. AMICA MUTUAL INSURANCE COMPANY v. FLEET MULTI FUEL CORPORATION et al.
(344 SE2d 742)

SOGNIER, Judge.

Amica Mutual Insurance Company appeals from the trial court's grant of summary judgment in favor of Fleet Multi Fuel Corporation and Richard Hotaling.

Appellant's insured, Nelvin Stacey, brought suit against appellees for their alleged negligence which resulted in a natural gas explosion at Stacey's house. The summary judgment granted by the trial court to appellees was affirmed by this court on the basis that Stacey, having signed a subrogation agreement with appellant, was no longer the real party in interest under *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976). *Stacey v. Fleet Multi Fuel Corp.*, 166 Ga. App. 684 (305 SE2d 424) (1983). This court rejected the argument that Stacey should have been allowed to substitute appellant into the suit as the real party in interest pursuant to OCGA § 9-11-17 (a) for the reason that Stacey had no cause of action into which appellant could be sub-

stituted. Subsequently appellant filed the instant suit alleging a cause of action identical to the one raised in Stacey's suit. Appellees moved for summary judgment contending, inter alia, that resolution of the earlier suit precluded appellant from asserting the present suit. The trial court granted appellees' motions for summary judgment and we reverse.

Appellees contend the trial court correctly granted their motion for summary judgment on the ground that the earlier grant of summary judgment to appellees in *Stacey*, supra, is conclusive as to all matters put in issue and which could have been put in issue in that suit. OCGA § 9-12-40. Appellant argues that because the earlier suit was decided on a procedural issue, OCGA § 9-11-17 (a), the trial court's order did not reach the merits. Under the case law in effect at the times relevant to the subject litigation, dismissal for failure to state a cause of action because the party instituting the suit was not the proper party plaintiff under OCGA § 9-11-12 (b) (6) was a decision on the "merits" of the case, rather than a matter in abatement. *Burry v. DeKalb County*, 165 Ga. App. 246, 248 (1) (299 SE2d 602). (1983). Thus, a motion pursuant to OCGA § 9-11-12 (b) (6) properly could be converted (upon the introduction of evidence outside the pleadings) into a motion for summary judgment, *Burry*, supra, whereas OCGA § 9-11-56 otherwise would be an inappropriate vehicle for disposing of matters of abatement in the remaining subsections of OCGA § 9-11-12 (b). *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). However, the court in *Burry*, supra, was not holding that a decision on an OCGA § 9-11-12 (b) (6) motion was a decision on the "merits" for res judicata or collateral estoppel purposes. Rather, this court in *Burry* was distinguishing situations where an erring party's entire cause of action ("merits") is extinguished as opposed to situations where a matter in abatement is involved in which the erring party is simply precluded from proceeding with the suit until the error has been corrected. Thus, although the earlier decision against Stacey reached the "merits" of Stacey's claim in that it abolished Stacey's cause of action against appellees, henceforth barring appellant's *insured* from relitigating the suit, it did not serve to bar appellant from litigating the cause of action. See generally *Goodwin v. Bowen*, 184 Ga. 408 (1) (191 SE 691) (1937). OCGA § 9-12-40 is therefore inapplicable because appellant was not a named plaintiff in the earlier suit nor did appellant constitute a privy within the meaning of the statute where Stacey assigned his cause of action to appellant prior to the filing of the earlier suit. See generally *Smith v. Wood*, 115 Ga. App. 265, 268 (4) (154 SE2d 646) (1967). We find no merit in appellees' arguments that appellant became a named plaintiff in the earlier suit merely by providing Stacey with legal counsel or that appellant is estopped from asserting this cause of action because

appellant failed to take the "opportunity" to bring suit originally in its own name.

Contrary to appellees' final argument, appellant could not have been substituted into the earlier suit under the case law in effect at that time. *Stacey*, supra. This holding is not affected by the fact that subsequent to the trial court's grant of summary judgment sub judice, the Supreme Court has overruled *Stacey*. In *Dover Place Apts. v. A & M Plumbing &c. Co.*, 255 Ga. 27, 28 (2) (335 SE2d 113) (1985), the Supreme Court held that this court's refusal to allow appellant to be substituted for its insured in *Stacey* was contrary to the liberal construction of the Civil Practice Act endorsed in *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984). Thus, it appears that henceforth when a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) is made (insofar as the motion is based on the prosecution of a suit by one not the proper party plaintiff, see OCGA § 9-11-17 (a)), such a motion is to be treated as a matter in abatement, in that the erring party, rather than having judgment entered against him, is now simply precluded from proceeding with the suit until the error has been corrected by the substitution of the proper party plaintiff. We decline appellees' invitation to apply this new rule retroactively to find that appellant's failure to substitute itself into a suit initiated by a party without standing to bring the suit deprived appellant of its right to assert the present cause of action against appellees.

We find no merit in appellees' assertion that no questions of fact remain on their defenses of assumption of risk and negligence on the part of appellant's insured which were raised incidental to their motion for summary judgment in the instant case. " 'Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication . . . but must be resolved by a trial in the ordinary manner.' [Cits.]" *Clements v. Long*, 167 Ga. App. 11, 12-13 (305 SE2d 830) (1983). From the record presented, we cannot say that the issues of assumption of risk or negligence by appellant's insured are plain and palpable upon the facts. Therefore, it follows that the grant of summary judgment as to these issues was not proper. See generally *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293 (322 SE2d 737) (1984).

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 17, 1986 —
REHEARING DENIED APRIL 30, 1986 — ▮▮▮▮▮▮

*Malcolm C. McArthur, Stephen F. Dermer*, for appellant.

*Merrell Collier*, for appellees.