## 76114. WEBB v. STATE AUTOMOBILE MUTUAL INSURANCE COMPANY et al.

### (370 SE2d 492)

DEEN, Presiding Judge.

The appellant, Zella Webb, was involved in an automobile collision, causing $1,986.88 in damages to her car. Webb's own insurer, State Automobile Mutual Insurance Company, compensated Webb for the property damage, less a $200 deductible under the policy, in consideration of which Webb executed a subrogation assignment and release. The insurer subsequently settled the claim with the other party to the collision, and moved to have the settlement enforced against Webb when it discovered that Webb was attempting to recover the $200 deductible from the other party. The trial court granted that motion, finding that Webb had assigned her entire property damage claim, and this interlocutory appeal followed. *Held*:

The subrogation assignment and release executed by Webb identified the amount of loss as $1,986.88, and the amount of the claim as $1,786.88 (the actual loss minus the $200 deductible). The release provided that "[i]n consideration of such payment, the receipt of which is hereby acknowledged, the *undersigned hereby assigns and transfers to the said company each and all claims and demands against any other party*, person, persons, property or corporation, arising from or connected with such loss and damages (and the said company is hereby subrogated in the place of and to the claims and demands of the undersigned, against said party, person, persons, property or corporation, in the premises) *to the extent of the amount above named, and the said company is hereby authorized and empowered to sue, compromise, or settle in my name or otherwise to the extent of the money paid as aforesaid.*" (Emphasis supplied.)

Webb contends that this language operated to limit the assignment and release to the amount or extent of the claim actually paid by the insurer to Webb. We agree, and the trial court erred in concluding that this subrogation agreement resulted in a total assignment of Webb's property damage claim.

*Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976), wherein the Supreme Court found that a total assignment of any property damage claim resulted, is not controlling here. In *Lindsey* the only possible language of limitation of the assignment was contained in the recital of consideration, *viz.*, "[i]n consideration of and to the extent of payment of . . . ($1,940.29)." In the instant case, the agreement clearly purported to limit the assignment to the loss actually paid by the insurer. Nothing in *Lindsey* prohibits only a partial assignment of a claim; the dissent's application of *Lindsey*, however, would have precisely that effect.

*Judgment reversed. Banke, P. J., Sognier, Pope and Benham,*

*JJ., concur. Birdsong, C. J., McMurray, P. J., Carley and Beasley, JJ., dissent.*

CARLEY, Judge, dissenting.

In reversing the trial court's grant of summary judgment in favor of the appellee/insurer in this case, the majority attempts to distinguish the Supreme Court's decision in *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976). The majority opines that "[i]n *Lindsey* the only possible language of limitation of the assignment was contained in the recital of consideration, *viz.*, '[i]n consideration of and to the extent of payment of . . . ($1,940.29).' In the instant case, the agreement clearly purported to limit the assignment to the loss actually paid by the insurer. Nothing in *Lindsey* prohibits only a partial assignment of a claim; the dissent's application of *Lindsey*, however, would have precisely that effect." (Majority opinion, page 425) I respectfully submit that what the majority characterizes as "the only possible language of limitation" was the very language which formed the basis of *this Court's ruling* in the *Lindsey* case, *which was reversed* on certiorari by the Supreme Court. See *Lindsey v. Samoluk*, 135 Ga. App. 852, 854 (219 SE2d 464) (1975).

Contrary to the majority's analysis of *Lindsey*, it is the Supreme Court's ruling in *Lindsey*, and not this dissent's interpretation thereof, that "prohibits only a partial assignment of the claim." In *Lindsey*, the Supreme Court held that "[t]he Court of Appeals erred in not applying the decision of this court in *Parker Plumbing &c. Co. v. Kurtz*, [225 Ga. 31 (165 SE2d 729) (1969)] to the facts in [*Lindsey*]. . . ." *Lindsey v. Samoluk*, supra, 172. The relevant facts in this case are no more distinguishable from those in *Lindsey* than *Lindsey* was distinguishable from *Parker Plumbing &c. Co. v. Kurtz*, supra. It is my opinion that the trial court in this case ruled correctly and, therefore, I respectfully dissent.

I am authorized to state that Chief Judge Birdsong, Presiding Judge McMurray, and Judge Beasley join in this dissent.

DECIDED MAY 12, 1988 —
REHEARINGS DENIED JUNE 7, 1988 — ▆▆▆▆▆▆▆

*Donald B. Walker*, for appellant.
*Brenda H. Trammell, V. Jane Reed, Walter B. McClelland*, for appellees.