46212. MILLER v. FULTON COUNTY et al.
(375 SE2d 864)

HUNT, Justice.

This appeal involves the requirements for standing of neighbors challenging a rezoning. Miller filed a complaint against Fulton County and Julian LeCraw Properties (JLC) seeking injunctive relief for alleged violations of the Steinberg Act, OCGA § 36-67-1 et seq. The defendants moved for summary judgment claiming Miller lacked standing. Thereafter, Miller moved to join or substitute his wife as a party plaintiff. The trial court granted defendants' motion and denied Miller's.

The Millers live across the street from the rezoned property

where JLC proposes to build a 269-unit apartment project. The defendants claim Miller lacks standing on two grounds: he is not the legal owner of the couple's home (his wife is), and the Millers' home is not adjacent to the rezoned property.

1. In analyzing the issue of standing of neighbors in a rezoning case, we have consistently applied a two-step "substantial interest-aggrieved citizen" analysis. *Moore v. Maloney*, 253 Ga. 504, 505-506 (1) (321 SE2d 335) (1984); *DeKalb County v. Wapensky*, 253 Ga. 47, 48 (315 SE2d 873) (1984); *Brand v. Wilson*, 252 Ga. 416 (1) (314 SE2d 192) (1984); *Brock v. Hall. County*, 239 Ga. 160, 161 (236 SE2d 90) (1977). Thus, a person claiming to be aggrieved by a rezoning decision must first demonstrate a substantial interest in the decision. *Brand*, supra at 417. The only non-owner plaintiff we have recognized to have standing to challenge a rezoning decision is a civic association or subdivision club when joined by an individual plaintiff who has standing. *Lindsey Creek Area Civic Assn. v. Consolidated Govt.*, 249 Ga. 488, 490 (292 SE2d 61) (1982). In this instance the association is afforded "dependent standing". Id. at n. 4.

The home in which Miller lives is owned by his wife, but he argues that his marital status bestows upon him an equitable interest under *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980) and its progeny. This argument overlooks the principle that no property rights are created in the assets of the marriage while the parties are still married. *Owens v. Owens*, 248 Ga. 720, 721 (1) (286 SE2d 25) (1982). That is, "no divorce means no equitable division of property." *Segars v. Brooks*, 248 Ga. 427, 428 (284 SE2d 13) (1981). Miller has no recognized interest, legal or equitable, in the property where he resides. Accordingly, the trial court properly granted summary judgment on the question of Miller's standing.

2. Miller next argues the trial court erred by denying his motion to substitute his wife, the legal owner of their home, as plaintiff. We agree. The record reflects Miller's wife was inadvertently omitted as a plaintiff, Miller moved promptly to correct that omission, and the defendants would in no way be prejudiced by the substitution. See generally OCGA §§ 9-11-17; 9-11-21; 9-11-15 (c); *Dover Place Apartments v. A & M Plumbing &c. Co.*, 255 Ga. 27, 28 (2) (335 SE2d 113) (1985); *Franklyn Gesner Fine Paintings, Inc. v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984).

It appears the trial court denied Miller's motion to substitute his wife as plaintiff in the belief that she also would not have standing because her home was not adjacent to the rezoned property. However, adjacency is not a requirement for standing in this type of case. See *DeKalb County v. Wapensky*, supra at 49; *Burry v. DeKalb County*, 165 Ga. App. 246 (299 SE2d 602) (1983). The Miller property is across the street from a single-family house which backs up to the rezoned

property. Thus, it appears Mrs. Miller would be sufficiently affected by the proposed development that she may be said to have "an interest of real worth and importance in the rezoning decision." *DeKalb County v. Wapensky*, supra at 49.

The next requirement for standing is a showing of special damage or injury not common to all property owners similarly situated. Id. at 48. "By 'similarly situated,' we refer to persons in the general community who may merely suffer inconvenience and exclude those persons who stand to suffer damage or injury to their property which derogates from their reasonable use and enjoyment of it." Id. In this regard, the following have been held insufficient to show special damage; increased traffic in a central business district, Id.; *Victoria Corp. v. Atlanta Merchandise Mart*, 101 Ga. App. 163 (112 SE2d 793) (1960); attendant inconvenience as a result of improvements erected on nearby property, which are damages suffered by all property owners similarly situated, including general reductions in property value, *Lindsey Creek,* supra. The following have been held sufficient, in some cases, to meet the special damage requirement: diminution in value of a homeowner's property exceeding that of the neighborhood in general, *Moore v. Maloney*, supra at 506 (1); *Brand v. Wilson*, supra at 417; noise, odor and visual intrusion on peace and privacy, *DeKalb County v. Wapensky*, supra at 49; *Moore v. Maloney*, supra at 506; traffic problems related to the particular property. Id. Here, however, the record does not yet contain any allegations on Mrs. Miller's behalf and a ruling regarding her standing to bring this action is premature.

Accordingly, the trial court's order granting summary judgment to defendants on the ground that Miller lacks standing is affirmed. The trial court's order denying Miller's motion to substitute his wife as plaintiff is reversed. This action is remanded with direction that Miller's motion be granted and that, if Mrs. Miller is substituted as plaintiff, she be given an opportunity to demonstrate her qualifications for standing.

*Judgment affirmed in part, reversed in part and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 16, 1989.

*Arnall, Golden & Gregory, Robert L. Rothman*, for appellant.
*England, Weaver & Kytle, George M. Weaver, Robert G. Young, Homer & Kennedy, J. Joseph Kennedy*, for appellees.