**UNITED STATES of America, Plaintiff,**

**v.**

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN the SIXTH DISTRICT AND 3RD SECTION OF GORDON COUNTY, GEORGIA, and Being Part of Land Lot 61, Tract # 2, 3–D Estates, Defendant.**

Civ. A. No. 4:–89–cv–281–HLM.

United States District Court, N.D. Georgia, Rome Division.

Feb. 15, 1991.

Dahil Dueno Goss, Office of U.S. Atty., N.D. Ga., Atlanta, Ga., for plaintiff.

William W. Keith, III, Office of William W. Keith, III, Chatsworth, Ga., Henry C. Tharpe, Jr., Kinney Kemp Pickell Sponcler & Joiner, Dalton, Ga., for claimants.

## ORDER

HAROLD L. MURPHY, District Judge.

This forfeiture action is before the Court on the Motions of Plaintiff, United States of America, and Claimant, Calhoun First National Bank, for Summary Judgment. A second Claimant, Lawrence Timms has responded to Plaintiff's Motion for Summary Judgment and filed a Motion to Strike Portions of the Plaintiff's Pleadings.

The United States of America ("Plaintiff") filed a verified complaint for forfeiture against the Defendant property on November 20, 1989. Plaintiff contends that the defendant property constitutes proceeds from the sale or distribution of controlled substances and is therefore sub-

ject to forfeiture pursuant to 21 U.S.C., section 881(a)(6).

The defendant property in this case was titled in the name of Bart Nation until November 13, 1989, when Lawrence Timms, a Claimant herein, recorded a Warranty Deed dated August 19, 1989, which transferred title to him. Also during November, Lawrence Timms obtained a $35,-000.00 loan from the Calhoun First National Bank ("Calhoun Bank"). Mr. Timms gave Calhoun Bank a deed to secure debt representing the defendant property on November 27, 1989. Based on this deed to secure debt, Calhoun Bank contests this forfeiture as a Claimant. On November 20, 1989, seven days after the deed to Lawrence Timms was recorded, Plaintiff filed a Notice of *Lis Pendens* against the defendant property.

Plaintiff's Complaint for Forfeiture is based primarily on the alleged deeds of Bart Nation. An affidavit provided by Special Agent Jimmy Barton lays out Plaintiff's contention that the defendant property actually represents the proceeds of illegal drug related transactions. According to this Affidavit, Bart Nation has been involved in the sale of controlled substances since 1975, and for the past five years has had no legitimate income. Mr. Nation is alleged to obtain his supply of cocaine through connections in Florida, to have sold Lysergic Acid Diethylamide (LSD), and to have planned the creation of a clandestine methamphetamine manufacturing laboratory. On June 2, 1989, a search warrant was executed at Nation's residence in Calhoun, Georgia and cocaine, marijuana, drug paraphernalia, firearms and cash were found. Mr. Nation was subsequently charged with cocaine trafficking and arrested in a motel in Roswell, Georgia on September 21, 1989. Nation consented, on February 5, 1990, to the forfeiture of some $38,646.00 which was confiscated during his arrest.

Special Agent Barton's investigation of Bart Nation's assets unearthed only the defendant property titled in Bart Nation's name. Based on this investigation the present forfeiture action was filed. Both Lawrence Timms and Calhoun Bank contest forfeiture and both claim they are "innocent owner's" whose interest in the property is not subject to forfeiture under 21 U.S.C., Section 881(a)(6).

### I. *Summary Judgment*

Both Plaintiff and Claimant Calhoun Bank have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bingham, Ltd. v. United States*, 724 F.2d 921, 924 (11th Cir.1984). The moving party's burden is discharged merely by " 'showing'— that is, pointing out to the District Court— that there is an absence of evidence to support [an essential element of] the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In assessing whether the movant has met this burden, the District Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir. 1983). Once the moving party has adequately supported its motion, the nonmovant then has the burden to show that summary judgment is improper, coming forward with specific facts showing a genuine dispute. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

In deciding a motion for summary judgment, it is not part of the Court's function to decide issues of genuine material fact but solely to determine whether there is such an issue to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Warrior Tom-*

bigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). It is the applicable substantive law which will identify those facts that are material. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. Facts which in good faith are disputed, but which do not resolve or affect the outcome of the suit will not properly preclude the entry of summary judgment. Id. In short, such facts are not material. The materiality of a fact rest solely on the governing substantive law. A District Court "can only grant summary judgment 'if everything in the record ... demonstrates that no genuine issue of material fact exists.'" Tippens v. Celotex Corp., 805 F.2d 949, 952 (11th Cir.1986), quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir.1980) (emphasis in original).

Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. Moreover, for factual issues to be "genuine" they must have a real basis in the record. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 586, 106 S.Ct. at 13 (citations omitted.) "[T]his standard mirrors the standard for a directed verdict.... [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

## II. Forfeiture under 21 U.S.C., section 881(a)(6)

■ All that is required for the forfeiture of defendant property is probable cause to believe that a substantial connection exists between the property and illegal drug dealings. United States v. $41,305.00 In United States Currency, 802 F.2d 1339 (11th Cir.1986). The United States does not need to trace the cash to specific drug transactions. Id. Probable cause is defined as a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion. See, United States v. One 1979 Porsche Coupe, 709 F.2d 1424 (11th Cir.1983); United States v. One 1978 Chevrolet Impala, 614 F.2d 983 (5th Cir.1980).

■ The existence of probable cause is a matter of law to be determined by the Court. United States v. Four Million Two Hundred Fifty-five Thousand Dollars, 762 F.2d 895 (11th Cir.1985). "Probable cause must be judged not with clinical detachment but with a common sense view of the realties of normallife." United States v. Four Million Two Hundred Fifty-five Thousand Dollars, 762 F.2d, at 904. Probable cause may be based wholly on circumstantial evidence and the inferences arising therefrom, United States v. $41,305.00 in United States Currency, Supra, the United States is permitted to use hearsay evidence, United States v. 1964 Beechcraft Baron Aircraft, 691 F.2d 725 (5th Cir. 1982), and the United States may even use evidence obtained after a seizure, $41,-305.00, Supra.

■ Applying the above standard to the facts of the present situation this Court can only find that probable cause exists to believe there is a substantial connection between the defendant property and illegal drug dealing. There is evidence that Mr. Nation has been involved in illegal drug dealings for fifteen years and that for the past five years he has had no legitimate income. Bart Nation has been convicted on violations of the Georgia Controlled Substances Act, and appears to have sold marijuana, cocaine, and LSD. Although Plaintiff has made no attempt to establish a direct connection between a single drug transaction and the purchase of the defendant real estate, none is required. See, United States v. $41,305.00 in United States Currency, 802 F.2d 1339 (11th Cir. 1986). There is no evidence whatsoever to contradict Plaintiff's premise that whatever consideration Bart Nation had at his

disposal to transfer in exchange for the defendant property it had to have a substantial connection to illegal drug dealing.

In fact the only challenge to the existence of probable cause is found in the brief provided by Claimant Lawrence Timms. Mr. Timms contends that the only connection between the defendant property and illegal drug transactions that Plaintiff can show is the fact that it was at one time owned by Bart Nation. The defendant property was not searched and no drugs have been shown to have been sold or used at the defendant property. Further, Timms argues, the evidence provided by the government contains hearsay statements which do not meet the requirements of Federal Rule of Civil Procedure 56(e). Timms has interposed a Motion to Strike the portions of Special Agent Barton's affidavit which do not meet the requirements of Rule 56(e).

Mr. Timms' challenge on this point is, however, ineffective. The Plaintiff's case does not rely on the use of the defendant property to facilitate illegal drug transactions. Plaintiff argues instead that the defendant property represents the proceeds of illegal drug transactions. Relevant evidence on this point would tend to show some legitimate income of Bart Nation which could have been used to purchase the defendant property.

Secondly, the fact that Plaintiff's proffered affidavit contains hearsay evidence is not relevant. Probable cause may be proved with hearsay evidence. *United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725 (5th Cir.1982); *Bush v. United States*, 389 F.2d 485 (5th Cir.1968). Claimant Timms' Motion to Strike those portions of Special Agent Barton's affidavit which do not meet the requirements of Federal Rule of Civil Procedure 56(e) is therefore denied.

This Court finds that there is probable cause to believe that Bart Nation sold drugs and used the proceeds, which would be forfeitable under 21 U.S.C. section 881(a)(6), to purchase the defendant property.

### III. Standing to Contest Forfeiture under 21 U.S.C. section 881(a)(6)

■ Having found that probable cause to believe there is substantial connection between the defendant property and illegal drug transactions, the next inquiry is whether the claimants have standing to contest the property's forfeiture. A claimant asserting that he is a bona fide purchaser for value of property allegedly subject to forfeiture has the burden of establishing that he has a valid right, title or interest in the seized property sufficient to confer standing to contest the forfeiture. *United States v. $38,000.00*, 816 F.2d 1538 (11th Cir.1987); *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437 (11th Cir.1984). Absent proof of Claimant's Article III standing, the Court lacks jurisdiction to consider the claim. *$38,-000.00*, Supra.

■ 21 U.S.C. section 881(a)(6) provides that the interest of an innocent owner is not subject to forfeiture.[1] The term "owner" is broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized. *United States v. Forty Seven Thousand, Eight Hundred and Seventy Five Dollars in United States Currency*, 746 F.2d 291 (5th Cir.1984); *United States v. A Fee Simple Parcel of Real Property*, 650 F.Supp. 1534 (E.D.La.1987).

■ This interest, however, must predate the right to forfeiture asserted by the United States. In the law of forfeiture it has long been established that when a statute provides that property shall be forfeited upon the commission of a certain act,

"[t]he forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory

---

1. "... No property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."

transfer of the right to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienation, even to purchasers in good faith."

*U.S. v. Stowell,* 133 U.S. 1, 17, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1890); *See, United States v. $41,305.00 in United States Currency,* 802 F.2d 1339 (11th Cir.1986); *United States v. One 1967 Chris Craft 27 Foot Fiber Glass Boat,* 423 F.2d 1293 (5th Cir. 1970). This doctrine was codified in the forfeiture statute at 21 U.S.C. section 881(h) in a 1984 amendment. P.L. 98–473 section 306(f).[2] The legislative history of this amendment recognized that "this principle is well established in current law." 1984 U.S.Code Cong. & Admin.News P.L. 98–473 p. 3398.

Because title vests in the United States upon commission of the act giving rise to forfeiture, Courts have held that a claimant must prove a property interest which arose before the act giving rise to the forfeiture. *U.S. v. $41,305.00 in United States Currency,* 802 F.2d 1339 (11th Cir.1986); *United States v. $5,644,540.00 in United States Currency,* 799 F.2d 1357 (9th Cir.1986); *Simons v. United States,* 541 F.2d 1351 (9th Cir.1976); *United States v. One Parcel of Real Property,* 660 F.Supp. 483 (S.D. Miss.1987).

Lawrence Timms' claimed interest in the defendant property stems from the Warranty Deed Bart Nation executed to him and which was dated August 19, 1989. This Court has held, however, that probable cause exists to believe the defendant property was purchased by Bart Nation with the proceeds of drug sales. These proceeds would be forfeitable under 21 U.S.C. section 881(a)(6) and so is the real property they were used to purchase.

■ According to the above authorities, title in the proceeds of the illegal drug transaction vested in the United States immediately upon commission of the act giving rise to the forfeiture. The act giving rise to forfeiture in this case was the realization by Bart Nation of income through illegal drug transactions. Although Bart Nation purported to transfer an interest in the defendant property to Lawrence Timms and Lawrence Timms then granted Calhoun Bank a Deed to Secure Debt on the same property, the present condemnation, now obtained, relates back to the time when the defendant property was simply illicit cash in Bart Nation's hands. The fact that Bart Nation transformed the forfeited proceeds into real property did not, and cannot, create a personal property interest in property of the United States. All right, title and interest in the property vested in the United States upon commission of the illegal act.

Bart Nation possessed no interest in the defendant property to transfer to Lawrence Timms and likewise Lawrence Timms possessed no interest to transfer to Calhoun Bank. Neither Lawrence Timms, nor Calhoun Bank have a present interest in the property. Hence, neither Lawrence Timms nor Calhoun Bank are "owners" under 21 U.S.C. section 881(a)(6). Accordingly, Lawrence Timms and Calhoun Bank lack standing to prosecute a claim to the defendant property.

In reaching this result the Court is aware of the hardship that application of the "relation back" doctrine works on the claimants in this case. The exception under the forfeiture statute for "innocent ownership" is rendered nugatory where, as here, the forfeiture relates back to predate an interest which could give rise to a claim of "innocent ownership." The Court is also fully aware of the hardship this result works on commercial lenders who have little or no opportunity to protect themselves in transactions based on assets tainted by the drug trade. Further, remission or mitigation of such forfeitures is not within the discretion of this Court but is instead the prerogative of the United States Attorney General. *See,* 21 U.S.C., section 881(d). Despite the harshness of this result, how-

---

**2.** That section provides, "All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section."

ever, this Court believes it to be required by the authorities cited herein. The power to change this result belongs to the United States Congress.

### IV. *Conclusion*

In sum, Plaintiff has succeeded in showing probable cause to support forfeiture, the Claimants lack standing to contest forfeiture, and no other defense to forfeiture has been presented. Plaintiff's Motion for Summary Judgment is therefore granted, and Claimant Calhoun Bank's Motion denied.

Accordingly, based on the above, Claimant Lawrence Timms' Motion to Strike is DENIED, Claimant Calhoun Bank's Motion for Summary Judgment is DENIED, and Plaintiff, United States of America's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.