UNITED STATES of America, Plaintiff,

v.

1419 MOUNT ALTO ROAD, ROME, FLOYD COUNTY, GEORGIA, Being a Tract or Parcel of Land Together With All Buildings and Appurtenances Thereon, Titled in the Name of Steve Lee Peek, Defendant.

Civ. A. No. 4:92-cv-287-HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Aug. 12, 1993.

000 for section 1981 and 1983 violations.

Sandra Ganus Moses, Office of U.S. Atty., N.D. Ga., Atlanta, GA, for plaintiff.

Harl C. Duffey, III, Duffey & Duffey, Charles Gregory Price, Smith & Price, Rome, GA, for claimants.

## ORDER

HAROLD L. MURPHY, District Judge.

This forfeiture action is before the Court on Plaintiff's Motion to Strike and/or Dismiss the Claim of Shawn Peek or, in the Alternative, Motion for Partial Summary Judgment.

For the reasons given below, the Court denies both motions.

## FACTS

Steve Peek purchased part of defendant property in 1978 and part in 1984. Steve Peek and Claimant Shawn Peek were married July 20, 1985. The Defendant property was the separate property of Steve Peek at the time of the marriage. At the time of the marriage, the residence located on the Defendant property was an unfinished shell. Claimant Peek and her husband agreed that she would receive one half undivided interest in the property in exchange for her aid in completing the residence. Claimant and her husband actually began to occupy the residence in October 1988. Thereafter, Claimant Peek expended time and labor in completing the residence. No outside labor was employed and Claimant and her husband finished the residence. Additionally, Claimant spent in excess of $8,000 of her separate funds to install cabinets and hardwood floors in the residence. Claimant's husband intended to execute a deed reflecting her interest and "simply never got around to it."

In December 1991, January and February 1992, Steve Peek allegedly engaged in drug transactions at the Defendant property. On August 5, 1992 a federal seizure warrant was issued for Defendant property after a showing of probable cause that property was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). The Plaintiff United States filed a Complaint for Forfeiture, and Steve Peek and Claimant answered. The only issue before the Court is Claimant's standing to assert the "innocent owner's" defense. Claimant asserts an interest sufficient for standing under various theories. The Plaintiff responds that Claimant has no interest and could have no interest unless a divorce proceeding was filed.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(b) authorizes summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The moving party bears the heavy burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). This burden is met by "pointing out to the District Court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This initial burden remains with the moving party even when the issue involved is one on which the non-movant will bear the burden of proof at trial. *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir.1991).

Once the moving party has fulfilled its burden and shown that no factual issues exist which could warrant a trial, the burden shifts to the non-movant to come forward with specific facts showing that a genuine dispute still does exist. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). This burden shifts back to the non-moving party, however, *only* after the moving party meets its initial burden and shows that no factual issues remain for trial. *Russ*, 943 F.2d at 592. If the moving party does not meet its initial burden, the non-movant is not obligated to put forward additional evidence.

The District Court's duty is to view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir.1983). In deciding a motion for summary judgment, it is not the Court's function to decide issues of genuine material fact. Rather, the Court's function is to determine whether such an issue exists to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). It is the applicable substantive law which identifies what facts are material. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Facts which in

good faith are disputed, but which do not resolve or affect the outcome of the suit will not properly preclude the entry of summary judgment. *Id.* In short, such facts are not material. The materiality of a fact rests solely on the governing substantive law. A district court "can only grant summary judgment 'if everything in the record ... demonstrates that no genuine issue of material fact exists.'" *Tippens v. Celotex Corp.,* 805 F.2d 949, 952 (11th Cir.1986), (quoting *Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980)).

■ Genuine disputes are those where the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Moreover, for factual issues to be "genuine" they must have a real basis in the record. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 586, 106 S.Ct. at 1355 (citations omitted.) "[T]his standard mirrors the standard for a directed verdict.... [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

### STANDING

■ "It is well established that in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." *United States v. $38,-000.00 in U.S. Currency,* 816 F.2d 1538, 1543 (11th Cir.1987). Generally, ownership may be defined as a possessory interest in the *res. United States v. 1945 Douglas C–45 (DC–4) Aircraft,* 647 F.2d 864, 866 (8th Cir.1981) (citing *General Finance Corp. of Florida South v. United States,* 333 F.2d 681 (5th Cir.1964)). *See also, United States v. Twenty Cashier's Checks,* 897 F.2d 1567, 1571 (11th Cir.1990). However, the possession of bare legal title by one who does not exercise dominion and control over the property is not enough to establish standing to challenge a forfeiture. *United States v. Single Family Residence,* 803 F.2d 625, 630 (11th Cir.1986). The Court must look behind the formal title to determine if the record title owner is the true owner of the property, or is instead a "strawman" to conceal the assets or illegal activities of another person. *United States v. One 1977 36–Foot Cigarette Ocean Racer,* 624 F.Supp. 290 (S.D.Fla.1985).

■ The term "owner" as used in sections 881(a)(6) and (7) "is broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized." *United States v. All that Tract or Parcel of Land,* 762 F.Supp. 1479, 1483 (N.D.Ga.1991) (citing *United States v. $47,875.00 in U.S. Currency,* 746 F.2d 291 (5th Cir.1984)). The Court determines the interest of the claimant by looking to Georgia law. *See United States v. One Single Family Residence,* 894 F.2d 1511 (11th Cir.1990) (applying Florida law).

The Plaintiff asserts that Claimant Shawn Peek has no standing to contest this forfeiture action because she has no legally recognizable interest in the property at issue. Legal title is in the husband of Claimant, Steven Peek, who purchased the land prior to the marriage. Plaintiff argues that separate property of spouses must remain separate unless there is a divorce, and therefore, any interest the claimant could have, arises only upon the filing of a divorce action. Plaintiff relies on *Miller v. Fulton County,* 258 Ga. 882, 883, 375 S.E.2d 864 (1989).

Claimant asserts three theories giving rise to an interest in Defendant property: (1) oral gift; (2) oral contract; and (3) constructive trust. Claimant alleges that Mr. Peek, the title holder, promised to convey legal title to one half undivided interest in the Defendant property, that Claimant expended time and labor in improving the residence, and that she entered into possession with Mr. Peek in 1988. Claimant and Mr. Peek state that Mr.

Peek intended to execute a deed and "never got around to it."

The Court disagrees with Plaintiff's position that separate property must remain separate and one spouse can never attain rights in the property of another so long as the spouses remain married. The two cases relied upon by the Plaintiff, *Miller v. Fulton County*, 258 Ga. 882, 375 S.E.2d 864 (1989) and *Stokes v. Stokes*, 246 Ga. 765, 273 S.E.2d 169 (1980), are not dispositive of the case under consideration. At issue in *Miller* was the standing of neighbors in a zoning case applying a standard—"substantial interest-aggrieved citizen"—used by Georgia courts in such cases. Furthermore, the plaintiff in *Miller* relied on his marital status as the sole basis for standing. *Miller*, 258 Ga. at 883, 375 S.E.2d 864. This case is not a zoning case in a Georgia court and the Claimant has asserted more than marital status as the basis for her standing. *Stokes v. Stokes*, 246 Ga. 765, 273 S.E.2d 169 (1980), the case relied on by the plaintiff in *Miller*, and by the Plaintiff in this case, deals only with equitable division of property upon divorce. The case itself does not purport to hold, and the Georgia Supreme Court has stated that the case does not hold, that equitable division at divorce is the sole method by which one spouse can attain equitable rights in the property of the other. *See Stokes*, 246 Ga. at 768, 273 S.E.2d 169; *Harrell v. Harrell*, 249 Ga. 170, 172, 290 S.E.2d 906 (1982). Claimant has not filed for divorce; therefore, Plaintiff's arguments regarding the procedures and rules surrounding marital property at divorce are irrelevant.

The Court now turns to the Claimants allegations in support of her standing to assert the "innocent owner" defense. In assessing a party's standing the Court may look to pleadings, affidavits and other materials in the record. *Warth v. Seldin*, 422 U.S. 490, 501–502, 95 S.Ct. 2197, 2206–2207, 45 L.Ed.2d 343 (1974). Claimant in her Answer asserted only the theory of implied trust. However, there are facts in the affidavits and arguments in the briefs of Claimant and Mr.

Peek which support the theories of oral gift and oral contract. The Court considers these theories in turn.

### Constructive Trust

"An implied trust is either a resulting trust or a constructive trust." O.C.G.A. § 53-12-90. "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-93.[1] These trusts, of course, do not require a writing. O.C.G.A. § 53-12-94.

Constructive trusts arise, not from the intention of the parties, but in equity when it is against equity that one holding legal title should retain title. *See Aetna Life Ins. Co. v. Weeks*, 241 Ga. 169, 172, 244 S.E.2d 46 (1978); *Mitchell v. Mitchell*, 201 Ga. 621, 626, 40 S.E.2d 738 (1946). In this case, Claimant alleges that she expended money and rendered services for Defendant property under the belief that she would receive a one half undivided interest in the property. The Court concludes that if the facts are as alleged, it would be unjust enrichment to the value of the property if Claimant rendered the services and made the expenditures in reliance on the promise and failed to receive the promised return. *See In re Anjopa Paper & Board Mfg. Co.*, 269 F.Supp. 241, 260 (S.D.N.Y.1967). While there is a presumption that expenditures and services in cases involving close relatives are done with no expectation of repayment, such a presumption may be rebutted. *See Williams v. McElroy*, 35 Ga.App. 420, 421, 133 S.E. 297 (1926). In this case there is undisputed evidence that the services and expenditures were done with the expectation of payment.

A final question with regard to the constructive trust theory is when does the interest arise; at the time that the equities arose or at the time the court determines the

---

1. O.C.G.A. § 53-12-91 provides for a purchase money resulting trust. However, that type of trust is inapplicable in this case.

interest exists? Although there is no Georgia law on point, two cases point to the time at which the equities arose, *Kelly v. Johnston*, 258 Ga. 660, 661, 373 S.E.2d 7 (1988) and *Bateman v. Patterson*, 212 Ga. 284, 285, 92 S.E.2d 8 (1956). Moreover, this seems to be the general rule. *See United States v. One 1990 Lincoln Town Car*, 817 F.Supp. 1575, 1581–82 (N.D.Ga.1993) (applying Alabama law, but citing Austin W. Scott, 5 *The Law of Trusts* §§ 462, 462.4).

The Court concludes that because Claimant made the expenditures and rendered the services prior to the alleged crimes, the Claimant's interest, for purposes of standing, arose prior to the forfeiture.

 Ultimately the existence of a constructive trust is a question of fact. For standing purposes, however, the Court concludes that claimant has made a sufficient showing of interest in Defendant property.

*Oral Gift*

 "An oral gift of land becomes complete and irrevocable when the donee takes possession of the donated premises and, on faith of the gift, makes valuable improvements; and as against the donor and those claiming under him with notice, a completed gift of land invests the donee with perfect equitable title." *Barfield v. Hilton*, 235 Ga. 407, 409, 219 S.E.2d 719 (1975) (citing [O.C.G.A. §§ 23–2–132, 44–5–169]). "When the alleged promise to give land is in parol, the plaintiff, in such a case, has the burden of showing definitively by his allegations; (1) the promise to give; (2) a meritorious consideration; (3) an entry by him into possession in pursuance of the gift; and (4) that on faith thereof he made valuable improvements." *Milton v. Milton*, 192 Ga. 778, 780, 16 S.E.2d 573 (1941). That this case involves an undivided interest and not a fee in the entire tract makes no difference. *Cf.* O.C.G.A. § 13–5–30(4); *Hughes v. Purcell*, 198 Ga. 666, 668, 32 S.E.2d 392 (1944). Furthermore, it is not relevant that the Claimant and Mr. Peek lived together on the Defendant property. Possession, for purposes of delivery among persons living together is not subjected to the same stringent standards as among strangers. *See Williams v. McElroy*, 35 Ga.App. 420, 421, 133 S.E. 297 (1926).

Here it is undisputed that Claimant's husband promised to give her a one half undivided interest in the Defendant property, and in reliance on that promise she moved in and made valuable improvements to the residence. Claimant argues that this gives her a property interest in the Defendant property. Plaintiff responds that the cases cited by Claimant do not involve the transfer by one spouse of separate property. Plaintiff further argues that by statute, one spouse cannot transfer to the other spouse an interest in separate property. The Court rejects Plaintiff's argument.

Applying the law to the undisputed facts, the Court concludes that Claimant received a valid gift of a one half undivided interest in the property prior to any alleged criminal activity. First, Mr. Peek, the promisor, in uncontradicted testimony, states that he promised to convey one half interest to Claimant. Second, the labor performed by Claimant, the sums expended for cabinets and floors, and natural love and affection are sufficient consideration. Third, Claimant entered into possession of the premises. Fourth, Claimant expended her labor and separate funds to install as permanent fixtures cabinets and hardwood floors. Therefore, while the existence of a gift is ultimately a question of fact, the Court concludes that, of purposes of standing, Claimant has sufficient interest in the Defendant property for standing purposes by virtue of a valid oral gift.

*Oral Contract*

While a "contract for the sale of lands, or any interest in, or concerning lands" to be enforceable must be in writing, O.C.G.A. § 13–5–30, "[w]here there has been performance on one side, accepted by the other in accordance with the contract," the requirement of a writing does not apply. O.C.G.A. § 13–5–31.

"The specific performance of a parol contract as to land shall be decreed if the defendant admits the contract or if the contract has been so far executed by the party seeking relief and at the instance or by the inducements of the other party that

if the contract were abandoned he could not be restored to his former position.

Full payment alone accepted by the vendor, or partial payment accompanied by possession, or possession alone with valuable improvements, if clearly proved in each case to have been done with reference to the parol contract shall be sufficient part performance to justify a decree."

O.C.G.A. § 23–2–131(a), (b). While this code section does not provide the rule of decision for this case, it does provide the standards by which the Court evaluates the Claimant's position.

Claimant argues that she and Mr. Peek agreed that if she helped complete the residence, Claimant would receive a one half undivided interest in Defendant property. Plaintiff argues that no interest could arise until divorce and that there can be no interspousal transfer of separate property. The Court rejected Plaintiff's arguments above.

The undisputed facts of this case are that the promisor has admitted the promise; the Claimant has executed the contract by the inducement of Mr. Peek; Claimant has made full "payment" accepted by Mr. Peek; and Claimant has taken possession and made valuable improvement with her separate funds. Further, the undisputed facts show that all of these actions were taken with reference to the oral agreement. Finally, these actions were taken prior to any alleged criminal conduct.

Therefore, although the existence of a contract is a question of fact, the Court concludes that Claimant has a sufficient interest in Defendant property pursuant to an oral contract, to give Claimant standing to assert the "innocent owner" defense.[2]

## CONCLUSION

■ For the reasons given above, the Court holds that Claimant Shawn Peek has asserted sufficient interest for standing to challenge the forfeiture of Defendant property.[3]

The Court wants to make clear that it has not decided that a constructive trust exists, or that there was a valid oral gift or oral contract. At a later stage of this case, Claimant will have to establish the existence of a constructive trust by clear and convincing evidence and the existence of a valid oral gift and oral contract by a preponderance of the evidence. The Court merely holds that Claimant has shown sufficient interest in Defendant property for purposes of standing.

Accordingly the Court **DENIES** Plaintiff's Motion to Strike and/or Dismiss the Claim of Shawn Peek or, in the Alternative, Motion for Partial Summary Judgment.

IT IS SO ORDERED.

2. The Court is aware of two cases from this District finding that a spouse lacks standing. *United States v. 63.98 Acres of Land*, Civil Action No. 2:92–cv–52–WCO (N.D.Ga. May 24, 1993), Order of May 24, 1993; *United States v. 3281 Myrtle Street*, Civil Action No. 1:90–cv–922–RLV (N.D.Ga. May 1, 1991). *63.98 Acres of Land* is distinguishable from this case. First, the claimant in that case apparently relied on equitable division (attempted by the plaintiff in *Miller v. Fulton County*, 258 Ga. 882, 375 S.E.2d 864 (1989)) which is inapplicable to this case as explained above. Second, that claimant relied on a resulting trust theory, not a constructive trust theory as relied on by Claimant in this case. Third, that claimant relied on a theory of mere possession, without the other indicia of ownership, as asserted by Claimant in this case. Further, the claimant in *63.98 Acres of Land* did not assert theories of oral gift and oral contract.

*3281 Myrtle Street* is also distinguishable from this case. The court's opinion in *3281 Myrtle Street* indicates that the claimant there relied only on the equitable interest in marital property theory attempted by the plaintiff in *Miller v. Fulton County*, 258 Ga. 882, 375 S.E.2d 864 (1989). This theory was not asserted in the case under consideration as explained above, and therefore, *3281 Myrtle Street* is inapposite.

3. The Court notes that this case falls outside the interspousal tort immunity doctrine. First, the case is not one between spouses, but between the United States and a piece of property in which Claimant asserts a property interest. Second, property interests, not torts, are at issue, and Georgia has abrogated the immunity with regard to property interests. *See Eddleman v. Eddleman*, 183 Ga. 766, 189 S.E. 833 (1937); *Clements v. Hollingsworth*, 202 Ga. 684, 685–86, 44 S.E.2d 381 (1947).